# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SARA SLABISAK, M.D. § | |
| § | |
| v. § | Civil Action No. 4:17-CV-00597 |
| § | Judge Mazzant |
| THE UNIVERSITY OF TEXAS HEALTH § | |
| SCIENCE CENTER AT TYLER AND § | |
| GOOD SHEPHERD MEDICAL CENTER § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Good Shepherd Medical Center's ("Good Shepherd") Motion to Dismiss (Dkt. #15). After reviewing the relevant pleadings, the Court finds the motion should be granted in part and denied in part.

## BACKGROUND

On August 25, 2017, Plaintiff Sara Slabisak filed her Complaint (Dkt. #1). On September 22, 2017, Good Shepherd filed its Motion to Dismiss (Dkt. #15) arguing Plaintiff's state law claims are preempted, and that Plaintiff's federal claims fail as a matter of law. Plaintiff filed her response (Dkt. # 22) on October 30, 2017, requesting leave to amend her pleadings. Good Shepherd filed its reply (Dkt. #24) on November 6, 2017.

On December 1, 2017, the Court entered a scheduling order in this matter (Dkt. #34). The scheduling order set the deadline for Plaintiff to filed amended pleadings as February 19, 2018 (Dkt. #34).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a

party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

The Court has discretion to deny a motion to amend if amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citation omitted). Futility in the context of an amended complaint means that the amended complaint would fail to state a claim upon which relief could be granted. *Id.* at 873. The same standard of legal sufficiency applies as it would under Rule 12(b)(6). *Id.*

## ANALYSIS

Good Shepherd claims the Texas Commission on Human Rights Act ("TCHRA") preempts Plaintiff's state law claims. Plaintiff does not dispute this. As such, the Court finds that Plaintiff's state law claims should be dismissed.

Good Shepherd further argues that Plaintiff's federal law claims fail as a matter of law. In her response, Plaintiff does not address the merits of Good Shepherd's arguments, but instead

request leave to amend her complaint. The Court finds granting Plaintiff's request appropriate in this case.

## CONCLUSION

It is therefore **ORDERED** that Good Shepherd's Motion to Dismiss (Dkt. #15) is hereby **GRANTED in part and DENIED in part.** As a result, Plaintiff's state law claims are **dismissed with prejudice,** and Plaintiff is **ORDERED** to file an amended complaint no later than December 18, 2017.

**IT IS SO ORDERED.**
 **SIGNED this 4th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE