# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SARA SLABISAK, M.D. | § § | |
| v. | § § | Civil Action No. 4:17-CV-597 |
| | § | Judge Mazzant |
| THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT TYLER AND GOOD SHEPHERD MEDICAL CENTER. | § § § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant University of Texas Health Science Center at Tyler's ("UTHSC") (Partial) Motion to Dismiss First Amended Complaint (Dkt. #38). After reviewing the relevant pleadings and motion, the Court finds Defendant's motion should be granted.

## BACKGROUND

From on or about July 1, 2015, through January 13, 2016, Plaintiff Sara Slabisak worked as a medical resident at UTHSC and Good Shepherd Medical Center ("Good Shepherd") in Longview, Texas. During her time as a resident, Plaintiff alleges she experienced continuous verbal, physical, and sexual harassment by Mohamad Makkouk ("Makkouk"), her supervising resident. During her six-month evaluation, Plaintiff reported the situation to the program director, Dr. Ifeanyi E. Eluenze ("Eluenze"). Additionally, Plaintiff met with David Conley, legal compliance officer and deputy coordinator in the human resources department at UTHSC, and his colleague, Donald Henry, deputy coordinator. Plaintiff further detailed Makkouk's alleged behavior in a letter she provided at the request of the human resources department. On or about January 13, 2016, Eluenze suspended Plaintiff indefinitely from the residency program.

On August 25, 2017, Plaintiff filed suit against UTHSC and Good Shepherd. On December 18, 2017, Plaintiff filed her amended complaint alleging, among other things, that UTHSC violated her rights under Title VII and Title IX. Specifically, Plaintiff claims she was subjected to a hostile work environment, which UTHSC failed to address and correct. Moreover, Plaintiff avers UTHSC discriminated and retaliated against her when she informed them of the hostile work environment.

On January 2, 2018, UTHSC filed their Motion to Dismiss (Dkt. #38) arguing Title VII preempts Plaintiff's Title IX claims. Plaintiff filed her response (Dkt. #41) on January 16, 2018, and UTHSC filed its reply (Dkt. #46) on Janaury 23, 2018.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550. U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

UTHSC argues that Plaintiff's Title IX claims warrant dismissal for two reasons. First, Title VII preempts Plaintiff's Title IX claims. Second, even if not preempted, Plaintiff's complaint fails to allege plausible Title IX claims. The Court finds it is only necessary to address the former.

In *Lakoski v. James*, the Fifth Circuit held that "Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex in federally funded educational institutions." 66 F.3d 751, 753 (5th Cir. 1995). Two years later, the Fifth Circuit expanded on this rule in *Lowery v. Tex. A&M Univ. Sys.*, 117 F.3d 242 (5th Cir. 1997).

In *Lowery*, Lowery worked as the head Women's Basketball Coach and later the Women's Athletic Coordinator. *Id.* at 244. Lowery brought suit against the university under Title IX alleging the university "was guilty of employment discrimination on the basis of sex and misallocation of resources among male and female athletes." *Id.* Specifically, Lowery alleged that "as a consequence of her participation in complaints and investigations challenging noncompliance" with Title IX, the university "retaliated against her by denying her promotion to

3

the post of Athletic Coordinator, removing her from the position of Women's Athletic Coordinator, and subjecting her and her team to continuing retaliation and harassment." *Id.* Lowery argued that her retaliation claim arose "exclusively under the provisions of [T]itle IX, not [T]itle VII, and thus [was] not preempted by [T]itle VII under the specific holding of *Lakoski*." *Id.* at 247. The Fifth Circuit agreed.

In determining whether Title VII preempted Lowery's Title IX retaliation claim, the Fifth Circuit stated it "must first 'strip away' any allegations that would support a private cause of action for retaliation under [T]itle VII." *Id.* In other words, in order for Lowery to "state a claim for retaliation under [T]itle IX . . . [she was] obliged to rely exclusively on her allegations charging [the university] with violations of [T]itle IX, not [T]itle VII." *Id.* at 248. As such, the court distinguished between "retaliation suffered by Lowery as a consequence of her participation in complaints and investigations challenging alleged employment discrimination" by the university and "retaliation suffered as a consequence of her participation in complaints and investigations challenging alleged violations of [T]itle IX." *Id.*

Focusing on the latter, Lowery alleged that the university "systematically misallocated resources among male and female athletes in violation of [T]itle IX," which resulted in the university retaliating against her. *Id.* at 247. "By its plain language . . . [T]itle VII does not prohibit retaliation against complainants who challenge the misallocation of resources in violation of [T]itle IX, as such complaints are wholly unrelated to the discriminatory employment practices proscribed by [T]itle VII." *Id.* at 249. As a result, the court held that because Title VII did not afford Lowery relief for such a claim, *Lakoski* did not preempt her retaliation claim.

Accordingly, *Lowery* clarified exactly which Title IX claims Title VII preempts. Per *Lakoski*, Title VII "preempts a private right of action for employment discrimination under [T]itle

4

IX." *Id.* at 248 (emphasis omitted). Such preemption is justified by the fact that "the prohibition against employment discrimination in [T]itle VII is identical to the proscription of sex discrimination in [T]itle IX, thereby guaranteeing that the [T]itle VII enforcement procedures will fully vindicate the rights created under [T]itle IX." *Id.* at 248–49 (citing *Lakoski*, 66 F.3d at 156–57. However, the anti-retaliation provisions of Titles IX and VII are not identical. Specifically, Title VII "provides no remedy for retaliation against individuals who raise charges of noncompliance with the substantive provisions of [T]itle IX." *Id.* at 249. Instead, "Title VII prohibits retaliation only against individuals who oppose discriminatory employment practices or participate in complaints or investigations of employment practices prohibited by [T]itle VII." *Id.* (citing 42 U.S.C. § 2000e–3(a)). As such, Title VII only preempts Title IX retaliation claims to the extent that Title VII already provides a remedy. Stated differently, when a plaintiff asserts a cause of action for retaliation that arises exclusively under Title IX, for which a corollary right under Title VII does not exists, Title VII does not preempt such a claim.

Here, the basis for Plaintiff's Title IX claims—deliberate indifference and retaliation—revolve around the allegations that Plaintiff was subjected to a hostile work environment, which UTHSC failed to address and correct; and moreover, that UTHSC retaliated against Plaintiff when she informed them of said hostile work environment. Such claims fall within the exclusivity of Title VII—employment discrimination on the basis of sex in federally funded educational institutions.[1] Because Title VII provides the sole remedy for such claims, the Court finds Plaintiff's Title IX claims are preempted by Title VII.

---

[1] Plaintiff alleges, and UTHSC does not dispute, that UTHSC receives federal funding regarding its residence program. *See* (Dkt. #37 at ¶ 33).

5

## CONCLUSION

It is therefore **ORDERED** that UTHSC's (Partial) Motion to Dismiss First Amended Complaint is hereby **GRANTED.** As such, Plaintiff's Title IX claims against UTHSC are **DISMISSED with prejudice.**

**SIGNED** this 27th day of February, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE