# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SARA SLABISAK, M.D. | § § | |
| v. | § § | Civil Action No. 4:17-CV-597 |
| | § | Judge Mazzant |
| THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT TYLER AND GOOD SHEPHERD MEDICAL CENTER. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Good Shepherd Medical Center's ("Good Shepherd") Second Rule 12(b)(6) Motion for Partial Dismissal (Dkt. #39). After reviewing the relevant pleadings and motion, the Court finds Defendant's motion should be granted.

## BACKGROUND

On December 18, 2017, Plaintiff Sara Slabisak filed her Amended Complaint (Dkt. #37). On January 5, 2018, Defendant Good Shepherd filed its Second Rule 12(b)(6) Motion for Partial Dismissal (Dkt. #39) arguing Plaintiff's Title IX claims fail because Good Shepherd is not subject to liability under Title IX. Further, Good Shepherd requests its court costs be taxed against Plaintiff. Plaintiff filed her response (Dkt. #42) on January 19, 2018, conceding her Title IX claims should be dismissed with prejudice, but requesting that each party bear their own costs. Good Shepherd filed its reply (Dkt. #45) on January 23, 2018, acknowledging Plaintiff's concession and agreeing that each party bear their own costs.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550. U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Good Shepherd argues that Plaintiff's Title IX claims should be dismissed with prejudice because Good Shepherd is not subject to liability within the provisions of Title IX. Further, Good

Shepherd requests that the Court tax Good Shepherd's court costs against Plaintiff. Plaintiff does not dispute dismissing her Title IX claims against Good Shepherd, but asks that each party bear their own costs. In its reply, Good Shepherd withdrew its request that Plaintiff be taxed with Good Shepherd's court costs. As such, the Court finds that Plaintiff's Title IX claims against Good Shepherd should be dismissed and that each party bear their own costs.

## CONCLUSION

It is therefore **ORDERED** that Good Shepherd's Second Rule 12(b)(6) Motion for Partial Dismissal is hereby **GRANTED,** and that Plaintiff's Title IX claims against Good Shepherd are **DISMISSED with prejudice.**

It is further **ORDERED** that each party shall bear their own costs.

**IT IS SO ORDERED.**
**SIGNED this 27th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE