# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SARA SLABISAK, M.D. | § § | |
| v. | § § | Civil Action No. 4:17-CV-597 |
| THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT TYLER and CHRISTUS GOOD SHEPHERD MEDICAL CENTER. | § § § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CHRISTUS Good Shepherd Medical Center's ("Good Shepherd") Motion for Summary Judgment (Dkt. #79) and Defendant University of Texas Health Science Center at Tyler's ("UTHSCT") Motion for Summary Judgment (Dkt. #83). After considering the motions and relevant pleadings, the Court finds Defendants' motions for summary judgment should be denied.

## BACKGROUND

On August 25, 2017, Plaintiff Sara Slabisak, M.D. filed this suit (Dkt. #1). Plaintiff's remaining claims include gender discrimination, sexual harassment, and retaliation pursuant to 42 U.S.C. § 2000e, *et seq*. (Dkt. #37 at pp. 6–8; Dkt. #58). Specifically, Plaintiff alleges that from on or about July 1, 2015, through January 13, 2016, she worked as a medical resident at UTHSCT and Good Shepherd in Longview, Texas (Dkt. #37 at p. 1). During her time as a resident, Plaintiff claims she experienced continuous verbal, physical, and sexual harassment by Dr. Mohammad Makkouk, her supervising resident (Dkt. #37 at p. 3). During her six-month evaluation, Plaintiff reported the situation to the program director Dr. Ifeanyi E. Elueze (Dkt. #37 at p. 4). Additionally, Plaintiff met with David Conley—legal compliance officer and deputy

coordinator in the human resources department at UTHSCT—and Donald Henry—the deputy coordinator (Dkt. #37 at p. 4). Plaintiff further detailed Dr. Makkouk's alleged behavior in a letter she provided at the request of the human resources department (Dkt. #37 at p. 4). On or about January 13, 2016, Dr. Elueze suspended Plaintiff indefinitely from the residency program (Dkt. #37 at p. 4).

On June 14, 2018, Good Shepherd filed its motion for summary judgment (Dkt. #79). Plaintiff requested two extensions of time to file her response (Dkt. #85; Dkt. #89). Before the Court ruled on Plaintiff's motions for extension of time, Plaintiff filed her response on July 24, 2018 (Dkt. # 95). Good Shepherd filed its reply on July 31, 2018 (Dkt. #103).

Additionally, on July 16, 2018, Plaintiff filed her Objections to and Motion to Strike Good Shepherd's Summary Judgment Evidence (Dkt. #90). Plaintiff objects to certain portions of Ken Cunningham and Tammy Mitchell's declarations as well as Good Shepherd's exhibits 2–7 and 9–32 (Dkt. #90 at pp. 2–6). Good Shepherd filed a response to Plaintiff's Objections to and Motion to Strike on July 30, 2018 (Dkt. #102).

On June 15, 2018, UTHSCT filed its motion for summary judgment (Dkt. #83). Plaintiff requested two extensions of time to file her response (Dkt. #86; Dkt. #87). Before the Court ruled on Plaintiff's motions for extension of time, Plaintiff filed her response on July 23, 2018 (Dkt. #93). UTHSCT filed its reply on July 30, 2018 (Dkt. #100).

Further, on July 16, 2018, Plaintiff filed her Objections to and Motion to Strike UTHSCT's Summary Judgment Evidence (Dkt. #88). Plaintiff objects to certain portions of Jeffrey Levin's declaration, UTHSCT's exhibits "Tabs 3–7," and objects to "all summary judgment evidence presented by UTHSC[T] as it is hearsay and not authenticated." (Dkt. #88 at

2

pp. 1–5). UTHSCT filed a response to Plaintiff's Objections and Motion to Strike on July 30, 2018 (Dkt. #101).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers*

*v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Good Shepherd moves for summary judgment arguing that it was not Plaintiff's employer, and there is no genuine issue of material fact as to Plaintiff's claims for sexual harassment, retaliation, and gender discrimination (Dkt. #79 at pp. 7–8, 19–29). UTHSCT moves for summary judgment claiming there is no genuine issue of material fact as to Plaintiff's claims for sexual harassment and retaliation (Dkt. #83 at pp. 11–29). After a careful review of the record and the arguments presented, the Court is not convinced that Good Shepherd or UTHSCT have met their respective burdens of demonstrating that there is no genuine issue of material fact on Plaintiff's claims.[1] Accordingly, the Court **DENIES** Good Shepherd and UTHSCT's Motions for Summary Judgment (Dkt. #79; Dkt. #83).

---

1. The ultimate determination of whether Good Shepherd was Plaintiff's employer is a question of law. *E.E.O.C. v. Fawn Vendors, Inc.*, 965 F. Supp. 909, 911 n.2 (S.D. Tex. 1996) (citing *Brock v. Mr. W. Fireworks, Inc.*, 814 F.2d

Because the Court denies Defendants' motions for summary judgment, the Court finds it unnecessary to strike any of Defendants' summary judgment evidence. As such, the Court **DENIES** Plaintiff's objections to and motions to strike Defendants' summary-judgment evidence as **MOOT** (Dkt. #88; Dkt. #90).

**IT IS SO ORDERED.**

**SIGNED this 2nd day of October, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

1042, 1043–45 (5th Cir.), *cert. denied*, 484 U.S. 924 (1987)). However, this legal question is dependent upon factual determinations as to each factor of the "economic realities/common law control test." *Id.* After a review of the motions, the Court finds genuine issues of material fact underlying the factors of the economic realities/common law control test as applied to Plaintiff and Good Shepherd's employment relationship. Therefore, the Court cannot reach a legal conclusion as to Good Shepherd's employer status without a resolution of these issues. *Palmer v. Chamberlin*, 191 F.2d 532, 540 (5th Cir. 1951) ("Where, as in this case, the decision of a question of law by the Court depends upon an inquiry into the surrounding facts and circumstances, the Court should refuse to grant a motion for a summary judgment until the facts and circumstances have been sufficiently developed to enable the Court to be reasonably certain that it is making a correct determination of the question of law."); 10A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2725 (4th ed. 2018) ("Before the court can apply the law, it must have an adequate factual basis for doing so.").